IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Oakstone Community School, | : | |
| Plaintiff | : | Civil Action 2:11-cv-01109 |
| v. | : | Judge Marbley |
| Cassandra Williams and Thomas Zraik, | : | Magistrate Judge Abel |
| Defendants | : | |

## ORDER

Plaintiff Oakstone Community School brings this action against defendants Cassandra Williams and Thomas Zraik for recovery of attorney fees and costs under the Individual with Disabilities Education Improvement Act ("IDEA"). This matter is before the Magistrate Judge on defendants Cassandra Williams and Thomas Zraik's March 9, 2012 joint motion to seal documents containing confidential information (doc. 16) and March 15, 2012 joint supplemental motion for an order sealing additional records (doc. 21). Defendants seek to have the educational records of A.W. and the first page of the decision of the Independent Hearing Officer placed under seal. These records were temporarily placed under seal until a decision on the motions was reached.

As a preliminary matter, Oakstone Community School's April 3, 2012 motion for leave to file a sur-reply to defendants' motion to seal the administrative record (doc. 29) is GRANTED.

<u>Arguments of the Parties</u>. Defendants argue that the IDEA and the Family Educational Rights and Privacy Act ("FERPA") protect the privacy of educational records. Defendants argue that the transcript of the impartial due process hearing between plaintiff and Williams and the hearing exhibits contain confidential information identifying A.W.'s name, disability, and educational services and needs. FERPA prohibits educational institutions from disclosing a student's education records without parental consent. Education records include any record that directly relates to the student and is maintained by educational institutions. Defendants maintain that the hearing transcripts, exhibits and decision of the independent hearing officer are educational records protected by FERPA. Defendants maintain that IDEA's implementing regulations incorporate FERPA's definition of education records.

Defendants argue that the administrative records remains confidential even though the due process hearing was open to the public. Under IDEA, a parent has a statutory right to open the due process hearing to the public. Exercising that right, however, does not waive the confidentiality provisions of FERPA and IDEA. Defendants relies on a December 23, 2004 letter drafted by the U.S. Department of Education's Federal Policy Compliance Office ("FPCO"). Defendants maintain that the opinion articulated in the letter is entitled to considerable deference under *Chevron,*

*U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 844 (1984). The FPCO letter stated that common law waiver principles do not apply to an open due process hearing held under Part B of IDEA and that transcripts and exhibits from a due process hearing that are subject to FERPA may not be disclosed simply because they were part of an open due process proceeding.

Defendants further argue that courts are reluctant to disclose a juvenile's education records during public judicial proceedings because the juvenile's privacy interests outweigh the public's right to access. Defendants also maintain that the Ohio Public Records Act precludes Oakstone Community Schools from disclosing the education records. Defendants contend that a "'[p]ublic record' does not mean . . . [r]ecords the release of which is prohibited by state or federal law." Ohio Rev. Code § 149.43(a)(1)(v).

Plaintiff states that Williams elected to make the administrative proceedings public and that her supporters advertized the hearing on Facebook. Members of the public attended the hearing, and a representative of the Promise Foundation, which is apparently associated with Williams' attorney, attempted to videotape the proceedings. Plaintiff argues that as a result of the public exposure generated by Williams, it should be permitted to demonstrate that her allegations were false and to respond to inquiries resulting from Williams' exposure. Plaintiff maintains it would be unfair to prohibit it from defending itself by sealing the record.

Plaintiff contends that the administrative record is already public. Plaintiff argues that the administrative record is routinely filed with the court in education-related matters.

Plaintiff argues that FERPA does not apply because the records of a due process hearing are not "education records" and it has no application to public records. Plaintiff maintains that defendant Zraik has no standing regarding this matter because he has no interest in the records at issue. Plaintiff also argues that FERPA does not require that the administrative record be sealed. Plaintiff maintains that the records from a due process hearing are governed by the IDEA, not FERPA. According to plaintiff, by exercising the right to have the public due process hearing, the records associated with the hearing are public as well. Plaintiff further argues that the record of the administrative proceeding is not an educational record. Rather, the focus of the proceeding is the school and whether it failed to meet its obligations. Plaintiff concedes that an investigation into whether the school has met is obligations to a particular student will involve examining aspects of the student's educational program.

<u>Discussion</u>.   FERPA provides in relevant part:

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information . . . .

20 U.S.C. § 1232g(b)(2).

The case law relied on by plaintiff is not applicable to this case. In *Ellis v. Cleveland Municipal School District*, 309 F. Supp. 2d 1019 (N.D. Oh. 2004), a student filed an action against the school district regarding a substitute teacher's alleged corporeal punishment of the students. The student sought discovery related to incident reports, student and employee witness statements, and disciplinary records of substitute teachers, but the school district objected to the discovery on the basis that the information was protected by FERPA. The court concluded that FERPA was not applicable because the requested documents did not contain information directly related to a student. Furthermore, even though FERPA was intended to prevent schools from adopting a policy or engaging in a practice of releasing educational records, it does not prevent discovery of relevant school records under the Federal Rules of Civil Procedure. *Id.* at 1023. In *Briggs v. Board of Trustees Columbus State Community College*, No. 2:08-cv-00644, 2009 WL 2047899 (S.D. Oh. Jul 8, 2009), the court held that records of student complaints against a professor related to the professor and not the students and were not "education records" under FERPA.

These decisions both dealt with the release of information concerning students who were not parties to the litigation. These cases were in the context of discovery and not whether or not the information should be placed under seal on the court's docket. In *Ellis* and *Briggs*, the schools were refusing to provide discovery on the basis that FERPA shielded the documents from discovery. These cases simply have no bearing on this

case. Here, the school is attempting to make records public rather than refusing to produce documents in discovery.

      I conclude that the documents concerning A.W.'s education and disability should remain under seal. Although I believe the exhibits to the hearing transcript constitute "education records" as contemplated by FERPA, my decision is not solely based on this finding. The documents contain personal information. Although plaintiff maintains that a private litigants' interest in protecting their vanity does not qualify as grounds for keeping information underseal, the fact remains that A.W. is a minor and is not a party to this action. The fact that her parent made the due process hearings public does not diminish A.W.'s privacy interests in her records.

      Plaintiff's argument that the records should remain public in order to clear its name and defend against the allegations made by defendants in the publicity surrounding the public due process hearing are without merit. A favorable ruling at the due process hearing demonstrates that no finding of fault was made with respect to plaintiff. Furthermore, a favorable ruling in this case would support plaintiff's position that defendants' allegations that A.W. was denied a free and appropriate education as required by the IDEA were without merit.

      The fact that the redacted transcript of the administrative hearing is available for viewing by the public on the website of the Ohio Department of Education is not dispositive. The exhibits and transcript contain a detailed discussion of A.W.'s

educational history. A.W. is a minor who has a privacy interest in the school records. This Court should not further the dissemination of those records.

The public's interest in knowing how the Court adjudicates the claims before it is adequately protected by the parties filing documents containing information about which A.W. has a privacy interest under seal and simultaneously filing a public document that redacts the information about which A.W. has a privacy interest. The public then is well-informed about the litigation and A.W.'s privacy interest is protected.

Defendants Cassandra Williams and Thomas Zraik's March 9, 2012 joint motion to seal documents containing confidential information (doc. 16) and March 15, 2012 joint supplemental motion for an order sealing additional records (doc. 21) are GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel
United States Magistrate Judge
