IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OAKSTONE COMMUNITY SCHOOL, | : | |
| | : | Case No. 2:11-cv-1109 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| CASSANDRA WILLIAMS, ET AL., | : | Magistrate Judge Abel |
| | : | |
| Defendants. | : | |
| | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendants', Cassandra Williams and Thomas Zraik, Joint Motion to Dismiss (Dkt. 10) Plaintiff Oakstone Community School's ("Oakstone") Amended Complaint (Dkt. 9).  Williams and Zraik move to dismiss Oakstone's Amended Complaint for failure to state claims upon which relief can be granted.  For the reasons stated below, Defendants' Joint Motion to Dismiss is **GRANTED**.

**II. BACKGROUND**

**A. Factual Background**

Plaintiff, Oakstone, is a public charter school located in Franklin County, Ohio. Defendant, Williams, is the parent of a former student at Oakstone.  She lives in Franklin County, Ohio.  Defendant, Zraik, is an attorney licensed by the Ohio Bar whose practice is based in Lucas County, Ohio.

In 2010, Williams served a complaint on Oakstone for due process pursuant to 20 U.S.C. § 1415, a provision of "The Individuals with Disabilities Education Improvement Act"

1

("IDEA"), and the Ohio Rev. Code § 3323.05.  (Am. Compl. ¶ 7).  Williams, represented by Zraik as legal counsel, complained that Oakstone had denied her daughter a "free and appropriate public education" ("FAPE").  (*Id.* ¶¶ 5-7).  Williams's daughter, who is affected by autism, cerebellar cognitive affective disorder, and possibly other intellectual disabilities, attended Oakstone from August 2007 until June 2010. (Hearing Officer's Decision (Dkt. 2-1) at 6-7)  Throughout her time at Oakstone, she continued to receive private speech and occupational therapies.  (Hearing Officer's Decision at 7).  The State of Ohio's Department of Education conducted a hearing on the matter which extended over six days in 2011: April 27 to 29, May 5, July 7, and August 22.  (*Id.* at 1).

At the hearing, Williams sought the following relief: compensatory education including speech, occupational, and physical therapy, assistive technology, a multisensory reading program, a 1:1 tutor, and mandatory training for Oakstone personnel. (*Id.* at 3).  At the hearing, Williams produced five witnesses who are professionals in the fields of education or mental health. (*Id.* at 5).  Virginia Turi, a Speech-language Pathologist who had tested Williams' daughter, testified that Williams' daughter had moderate deficits in both expressive language skills and auditory processing skills.  (Hearing Transcript Vol. 2 (Dkt. 17-1) at 154-55).  Ann Ramsey, an Occupational Therapist who had tested Williams's daughter, testified that Williams's daughter had deficits in fine motor skills, bilateral coordination and balance, and whole-body coordination.  (*Id.* at 201-202).  Carolyn Patterson, a Ph.D. in psychology, also conducted a series of tests on Williams's daughter.  Dr. Patterson found her to be below average in multiple categories of intellectual ability, in some categories significantly below average. (*Id.* at 113-114).  Dr. Patterson also noted that her "academic achievement was below expectations."

(*Id.*)  In 2009, Dr. Patterson conducted another round of tests on Williams's daughter to determine her progress since 2007.  The 2009 results showed Williams's daughter had improved in a number of academic areas, but Dr. Patterson added that her scores had not improved as much as Dr. Patterson would expect.  (*Id.* at 137).  Based on those 2009 results, Dr. Patterson recommended, among other measures, "[e]xtensive speech and language evaluation with extensive therapy" as well as "occupational therapy."  (*Id.* at 132).

Ultimately, the Hearing Officer found that Williams's daughter had made both academic and behavioral progress while enrolled in Oakstone.  (Hearing Officer's Decision at 8-10).  Furthermore, the Hearing Officer found there was "no evidence" that Student required either occupational or physical therapy in order to benefit from her special education program at School District."  (*Id.* at 9).  She found the speech therapy provided by Oakstone, though not of the type sought by Williams, complied with the IDEA. As a matter of law, the Hearing Officer concluded that the "individualized education plans" constructed by Oakstone met the IDEA requirements and that Williams's daughter was not denied a FAPE during her enrollment at Oakstone.  (*Id.* at 17, 22).  Oakstone also alleges that during the hearing Williams engaged in "improper" conduct, including "manipulating scheduling," making "contradictory and incredible" statements, and interfering with the trial materials of Oakstone's counsel.  (Am. Compl. ¶¶ 9, 13)

### B. Procedural Background

Following the decision by the Hearing Officer, Oakstone filed a Complaint against Williams and Zraik in this Court, under 20 U.S.C. § 1415(i)(3), seeking payment of fees it incurred during the administrative hearing process.  In its subsequent Amended Complaint, which is the subject of Defendants' Joint Motion to Dismiss, Oakstone alleged the IDEA due

3

process complaint brought by Williams and Zraik was "frivolous, unreasonable, and without foundation" and was brought for an "improper purpose." (Am. Compl. ¶¶ 2-4). As a result, Oakstone sought $65,988.00 in attorney fees, $5691.93 in transcript fees, $20,238.02 in hearing officer fees, and $1,090.69 in litigation related expenses, for a total of $93,008.64. (*Id.* ¶17)

Williams and Zraik jointly moved to dismiss the entire action for failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, the Defendants contend, *inter alia*, that Oakstone's allegations "do not amount to frivolousness or improper purpose." The motion has been fully briefed and is now ripe for decision.

### III. STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). A "motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)*; Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than a bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir.

1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556).

While a court does not consider "matters outside of the pleadings" when testing the sufficiency of a claim, "'[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting Fed. R. Civ. P. 10(c)). If this were not the case, "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Id.* Furthermore, where extrinsic materials "add nothing new, but, in effect, reiterate the contents of the complaint itself," they may be considered without converting a motion to dismiss to a motion for summary judgment. *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997). The chief concern when considering extrinsic materials on a motion to dismiss is that defendants seeking dismissal not suffer "any prejudicial surprise" as a result of the plaintiff including documents with its pleadings. *Id.* In the Sixth Circuit matters of public record may, at the court's discretion, also be considered at the dismissal stage. *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001).

## IV. LAW AND ANALYSIS

### A. Plaintiff's Attached Exhibits

In deciding this motion to dismiss, Oakstone requested this Court consider both the Hearing Officer's Decision ("Decision") attached to the initial Complaint and the transcript of that hearing ("Transcript") attached as an exhibit to its Response to Defendants' Joint Motion to Dismiss. Oakstone relied on both the Decision and the Transcript in its Amended Complaint and referenced matters therein contained. Moreover, the Decision is a public record published by the Ohio Department of Education and the proceedings were made open to the public at the request of the Defendant, Williams.

Here, there is no dispute as to the authenticity of the Decision or the Transcript. They merely lend specificity to the broad allegations made in the Amended Complaint. Furthermore, as explained below, the Defendants have not suffered "prejudicial surprise" as a result of the consideration of the Plaintiff's exhibits. Therefore, the Court finds it proper to consider the Decision and the Transcript on the Defendants' Joint Motion to Dismiss.

### B. Attorney's Fees Under IDEA

Under "certain rare circumstances" the IDEA does allow a prevailing school district to collect fees. *R.P. ex rel. C.P. v. Prescott Unified School Dist.*, 631 F.3d 1117, 1124 (9th Cir. 2011). The purpose of the IDEA is to "ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d)(1)(B). Thus, the provisions granting attorney's fees should not "improperly discourage[] [lawyers] from taking on potentially meritorious IDEA claims." *Id*. at 1126. Nonetheless, a school district can recover attorney's fees from an attorney who files a complaint that is "frivolous, unreasonable, or without foundation" or "continue[s] to litigate after the litigation clearly became frivolous,

unreasonable, or without foundation." 20 U.S.C. § 1415(i)(3)(B)(i)(II).  Additionally, a school district can recover from a parent, or her attorney, if suit was brought "for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(III).  Oakstone seeks legal fees on both grounds.

For a claim to have an "improper purpose" the claim must be both frivolous (without merit) and result from an improper motive. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 524 (6th Cir. 2002), *R.P. ex rel. C.P. v. Prescott Unified School Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011).  Thus, if a claim is not frivolous, it necessarily does not have an improper purpose, even if resulting from an improper motive.[1]  Clearly, a claim is not rendered frivolous merely because it is unsuccessful. *R.P. ex rel. C.P. v. Prescott Unified School Dist.*, 631 F.3d 1117, 1127 (9th Cir. 2011).  When a parent has "a statutory remedy available that would arguably have provided additional educational benefit" to her child, "the fact that the arguments were not successful doesn't make them frivolous." *Id*. at 1126.  To determine whether a claim is "frivolous" the Court must take into account the following factors, none of which alone is dispositive: whether the issue is one of first impression requiring judicial resolution, whether the controversy is sufficiently based upon a real threat of injury to the plaintiff, whether the trial court has made a finding that the suit was frivolous under the guidelines set forth in *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) and whether

---

[1] Contrary to Defendants' contention in their Motion to Dismiss, the statement that "in [the Sixth] [C]ircuit attorneys' fees may not be awarded to defendants where the plaintiff has asserted at least one non-frivolous claim," is no longer the law of the Sixth Circuit following the Supreme Court's decision in *Fox v. Vice*, 131 S.Ct. 2205 (2011).

the record would support such a finding.[2]  *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 636 (6th Cir. 2009), (quoting, *Tarter v. Raybuck*, 742 F.2d 977, 986 (6th Cir. 1984)).  In *Christianburg*, the Supreme Court held a prevailing party could recover fees in a suit under Title VII only if the suit was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  *Christianburg Garment Co. v. EEOC*, 434 U.S. at 412, 421 (1978).  When applying the *Christianburg* standard, the Sixth Circuit has found civil rights claims not "without foundation, frivolous, or unreasonable" when they are supported by "some evidence."  *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 186 (6th Cir. 1985).

While the claim Williams brought against Oakstone for the alleged denial of a FAPE to her daughter was unsuccessful, and perhaps not particularly strong, it was not frivolous.  First, Williams sought relief that was available in the form of compensatory education.  Moreover, Williams produced expert witnesses who testified her daughter would benefit from the relief sought.  The Hearing Officer did not ultimately find Oakstone was obligated to provide Williams' daughter with physical or occupational therapies, but a qualified Occupation Therapist testified Williams' daughter greatly needed both those services.  Similarly, the Hearing Officer found Williams' daughter made progress in the area of speech during her time at Oakstone, but two experts, a Speech Therapist and psychologist, both testified she required more speech therapy than she received. The psychologist also testified that while Williams' daughter had made progress in a number of academic areas from 2007 to 2009, her progress failed to meet the psychologist's expectations based on the student's potential.

---

[2] The Ninth Circuit has observed that "the IDEA's language granting attorney's fees to prevailing defendants is nearly identical to the standard the Supreme Court developed in C*hristianburg*." *R.P. ex rel. C.P. v. Prescott Unified School Dist.*, 631 F.3d 1117, 1127 (9th Cir.

In summary, three expert witnesses who had personally tested Williams' daughter testified she required forms of education Oakstone was not providing her.  Thus, as did the plaintiff in *R.P ex rel. C.P. v. Prescott Unified School Dist.*, Williams made plausible arguments for an available remedy that would have provided educational benefit to her daughter.  While this Court defers to the Hearing Officer's decision that Oakstone provided Williams' daughter with a FAPE, during the hearing Williams clearly surmounted the "some evidence" standard to demonstrate her claim was not frivolous.  Furthermore, the Hearing Officer nowhere suggested the claim brought by Williams was frivolous or meritless.  Since the claim was not frivolous, and was supported by evidence, it necessarily was not brought for an improper purpose.  Williams believed her daughter required educational services that she was not receiving, experts supported those assertions, and Williams requested appropriate relief.

Oakstone decided to incorporate the documents that demonstrated those facts into its pleadings and thus they have been properly considered by the Court.  Oakstone's allegations of the Defendants' improper conduct during trial, accepted as true, do not alter the fact that Williams' claim was not frivolous, nor does improper conduct at a hearing equate to an improper purpose in bringing that complaint in the first instance.  The conduct of Williams and Zraik during the hearing may have been uncooperative, even obstructive, but it does not give rise to plausible claim on which relief can be granted to Oakstone under the IDEA.

---

2011).

## V. CONCLUSION

For the reasons stated above, Defendants', Cassandra Williams and Tom Zraik, Motion to Dismiss (Dkt. 10) Plaintiff's, Oakstone, Amended Complaint (Dkt. 9) is **GRANTED**.  This case is hereby DISMISSED.

**IT IS SO ORDERED.**

                                         s/ Algenon L. Marbley
                                         **ALGENON L. MARBLEY**
                                         **UNITED STATES DISTRICT JUDGE**

**DATED: September 13, 2012**