UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Oakstone Community School, | : | Case No. 2:11-cv-1109 |
| | : | |
| Plaintiff, | : | Judge Marbley |
| | : | |
| vs. | : | Magistrate Judge Abel |
| | : | |
| Cassandra Williams, et al | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT WILLIAMS' MOTION FOR ATTORNEYS' FEES PURSUANT TO FED. R. CIV. P. 54(d)(1) AND (2).**

Pursuant to Fed. R. Civ. P. 54(d) and 20 U.S.C. § 1415(i)(3)(B)(i)(I), Defendant Cassandra Williams moves the Court for an award of attorneys' fees that she incurred in defending this action in the amount of $107,318.00.  Exhibit 1, Fees Statement.  On September 13, 2012, the Court entered an Order granting Defendants' Joint Motion to Dismiss and dismissed Plaintiff Oakstone's action against Defendants.  As a prevailing party, Ms. Williams is entitled to an award of attorneys' fees under the fee-shifting provisions of IDEA and Fed. R. Civ. P. 54(d).  Additionally, Ms. Williams requests an award of fees reasonably incurred as a result of this Motion.  A memorandum in support is attached and incorporated by reference.

Respectfully submitted,

s/ Laura Osseck
Laura Osseck (0082231), Trial Attorney
losseck@disabilityrightsohio.org
Kristin Hildebrant (0042086)
khildebrant@disabilityrightsohio.org
**DISABILITY RIGHTS OHIO**
50 W. Broad St., Suite 1400
Columbus, OH 43215-5923
Phone  (614) 466-7264
Fax     (614) 644-1888
Counsel for Defendant Williams

## MEMORANDUM IN SUPPORT

**I.     BACKGROUND**

Oakstone Community School ("Oakstone") filed this action for attorneys' fees against Cassandra Williams ("Ms. Williams") and Thomas Zraik ("Mr. Zraik"), (collectively "Defendants") with the Court on December 12, 2011.  ECF Nos. 2 and 9.  Oakstone alleged that Defendants filed a frivolous due process action for an improper purpose with the Ohio Department of Education under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1415 and Ohio Admin. Code 3301:51-05(K).  Defendants filed a Joint Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss"), ECF No. 10, that argued, in part, that Oakstone's allegations, even if true, do not rise to a plausible claim for attorneys' fees under IDEA.

The Court granted Defendants' Motion to Dismiss on September 13, 2012.  ECF No. 55.  After considering the due process hearing decision and transcript of the proceedings, the Court ruled that Ms. Williams' due process complaint was not frivolous because she produced some evidence, including three expert witnesses, to support her claim.  Further, the Court ruled that since Ms. Williams' due process complaint was not frivolous, it was necessarily not brought for an improper purpose.  Finally, the Court ruled that Oakstone's allegations did not give rise to a plausible claim for relief under IDEA.  Ms. Williams now seeks an award of attorneys' fees that she incurred in having to defend this action as well as fees for presenting this Motion.

**II.    LAW AND ARGUMENT**

      **A.     Ms. Williams Is Entitled To Attorneys' Fees As This Lawsuit Was A Proceeding Under IDEA.**

The fee-shifting provision of IDEA and Fed. R. Civ. P. 54 entitle Ms. Williams to an

2

award of attorneys' fees in this action.[1]  The attorneys' fees provision of IDEA states:  "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs-- . . . (I) to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I).

The Court dismissed Oakstone's lawsuit against Ms. Williams under IDEA's fee-shifting provision that allows a school district to recover fees from a parent in limited circumstances.  *See* Amended Complaint at ¶ 1 and 20 U.S.C. § 1415(i)(3)(B)(i)(II).  Since this lawsuit originated under IDEA and IDEA contemplates an award of attorneys' fees to a prevailing party who is the parent of a child with a disability, Ms. Williams may properly seek her attorneys' fees from Oakstone as a prevailing party in this action.

> **B.** **Ms. Williams Is Entitled To An Award Of Attorneys' Fees Under IDEA and Fed. R. Civ. P. 54(d) Because She Is A Prevailing Party.**

Ms. Williams is a prevailing party in this action and she is entitled to an award of attorneys' fees.  The Sixth Circuit applies the *Buchannon* "prevailing party" standard in IDEA cases where plaintiff parents seek attorneys' fees against school districts as prevailing parties. *See*, *Tompkins v. Troy Sch. Dist.,* 199 Fed. App'x 463, 466 (6th Cir. 2006) (the court applied the *Buchannon* analysis when determining whether the parents were eligible for attorneys' fees under IDEA as prevailing parties); *see also*, *B.H. v. West Clermont Bd. of Educ.*, 788 F.Supp.2d 682, 702 (S.D. Ohio 2011) (the court granted an attorneys' fee award to parents as prevailing parties citing the *Buckhannon* standard).  Under *Buckhannon*, a party is a prevailing party where (1) it receives "at least some relief on the merits of [its] claim," and (2) there is a "judicially sanctioned change in the legal relationship of the parties."  *Buckhannon Bd. & Care Home, Inc.*

---

[1] Defendants jointly submitted a Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and the parties fully briefed the issues. (See ECF Nos. 40, 45, 49, 50, 53, 54 and their attached exhibits).  The Court has not yet ruled on Defendants' Motion for Sanctions, which if granted would provide an independent basis for attorneys' fees.

3

*v. W. Virginia Dep't of Health and Human Res.* 532 U.S. 598, 603 (2001) (abrogated on other grounds).

Further, the Northern District of Ohio has applied the *Buckhannon* prevailing party analysis to a victorious defendant in a case brought under IDEA. *See*, Mag. Judge Vecchiarelli's Report and Recommendation, ECF No. 92, *adopted in full by the Court, Amherst Exempted Vill. Sch. Dist. Bd. of Educ. v. Calabrese,* No. 1:07-CV-920, 2008 WL 2810244 (N.D. Ohio July 21, 2008). Attached as Exhibit 2. In *Amherst*, the school district sought an award of attorneys' fees from a parent and her attorney under IDEA's fee shifting provision based on the due process action the parent initiated against the school district. The school district voluntarily dismissed the parent from the lawsuit with prejudice and the parent sought an award of costs from the school district pursuant to Fed. R. Civ. P. 54(d). The court determined that the defendant parent was a prevailing party and entitled to costs. The court ruled:

> A defendant who has not asserted a counterclaim against plaintiff seeks only the dismissal of the claims plaintiff asserts against the defendant. A dismissal with prejudice, therefore, gives such a defendant everything the defendant seeks. Moreover, when the court enters judgment dismissing the defendant with prejudice, a judicially-sanctioned change in the legal relationship between the parties has occurred: Plaintiff is forevermore estopped from asserting any claims it raised or could have raised against the defendant in plaintiff's action.

Mag. Judge Vecchiarelli's Report and Recommendation, Ex. 2, pg. 4.

Though the issue in *Amherst* related to an award of costs, it is analogous to Ms. Williams' request for attorney's fees as Ms. Williams meets the same "prevailing party" standard that the Court applied in *Amherst* – the *Buckhannon* standard – and IDEA allows for an award of attorney's fees to a parent who is a prevailing party under *Buckhannon*. Like the defendant in *Amherst*, Ms. Williams sought and obtained the dismissal of all claims against her. Additionally,

4

the Court's Order changes the legal relationship between the parties because its holding prevents Oakstone from ever asserting its claims against Ms. Williams again.  The Court considered the due process hearing decision and transcript of the entire due process proceedings.  From these documents, the Court determined that Ms. Williams' due process action was not frivolous because she offered some evidence – three expert witnesses – in support of her claim.  Since Ms. Williams' claim was not frivolous, it necessarily was not improper.  Thus, Oakstone will never be able to assert a plausible claim for relief against Ms. Williams.  Accordingly, Ms. Williams satisfies the definition of prevailing party under IDEA and Fed. R. Civ. P. 54(d) such that she is entitled to an award of attorneys' fees.

Ms. Williams is also entitled to an award of additional attorneys' fees incurred as a result of the instant Motion.  *See*, *Keene v. Zelman*, 2008 U.S. Dist. LEXIS 41587, *2 (S.D. Ohio May 23 2008) citing *Kaseman v. District of Columbia*, 444 F.3d 637, 640 (D.C. Cir. 2006) (noting the general rule that the court may award additional fees for time reasonably devoted to obtaining attorneys' fees).  Ms. Williams must request attorneys' fees via motion under Rule 54(d); therefore, she is also entitled to recover fees for the time spent presenting this Motion to the Court.  If the Court grants this Motion, Ms. Williams will supplement the record to include contemporaneous time records for time spent on this Motion.

      C.      **Ms. Williams' Request For Attorneys' Fees Is Reasonable.**

After determining whether a party is entitled to fees, a court must then determine whether the fees are reasonable. *See*, *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002) citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).  A reasonable award is calculated based on the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart,* 461 U.S. 424, 433(1983).  In calculating this "lodestar" amount, the prevailing party should exercise billing judgment to exclude from the fee request hours that are

5

excessive, duplicative, or otherwise unnecessary.  *Id.* at 434.  There is a strong presumption that the lodestar amount is a reasonable fee to be awarded to prevailing parties.  *See*, *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *Women's Med. Prof'l Corp. v. Baird*, No. 2:03cv162, 2003 U.S. Dist. LEXIS 25906, *4 (S.D. Ohio Dec. 15, 2003).

### 1. Ms. Williams' Attorneys' Rates Are Reasonable.

Ms. Williams' attorneys' rates are reasonable given the experience of counsel and the complexity of the issues raised in the case.  To determine a reasonable rate, courts look to the prevailing market rate, defined as the rate of lawyers with comparable skill and experience. *Northeast Coal. for the Homeless v. Brunner*, No. 2:06-CV-896, 2010 WL 4939946, *7 (S.D. Ohio Nov. 30, 2010) citing *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004); *see also*, 20 U.S.C. § 1415(i)(3)(C). "'In determining the reasonable rate, the Court has the discretionary authority to consider a party's submissions, awards in analogous cases, and its own knowledge and experience from handling similar requests for fees.'" *Northeast Coal. for the Homeless*, 2010 WL 4939946, *7, citing *Project Vote v. Blackwell*, 1:06-CV-1628, 2009 U.S. Dist. LEXIS 34571,*5 (N.D. Ohio Mar. 31, 2009) (internal citations omitted).  For attorneys who have no private practice, the rates customarily charged in the community for similar services can be looked to for guidance.  *See Eggers v. Bullett City School Dist.*, 854 F.2d 892, 899 (6th Cir. 1988) (attorneys for publicly funded state agencies are entitled to reasonable fees at fair market value); *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (attorneys for a non-profit legal services organization are entitled to reasonable fees at prevailing market rates).

Ms. Williams' fee award is based on billing rates that have applied to Ms. Williams' counsel in past litigation and that are comparable to rates customarily charged in the community by lawyers with similar background, skill level, and experience.  In 2010, this Court determined

reasonable rates for attorneys and staff at the Ohio Legal Rights Service, now Disability Rights Ohio.[2] *See*, *John Doe v. State of Ohio*, No. 2:91-cv-464, Doc. 193 (S.D. Ohio July 19, 2010) (Order attached as Exhibit 3 approving rates for attorneys and staff at Disability Rights Ohio). For two years, the billing rates for attorneys and paralegals at Disability Rights Ohio remained the same as the rates approved by this Court in 2010. *See* Exhibit 4, ¶ 14, Declaration of Kerstin Sjoberg-Witt. In October 2012, as Ohio Legal Rights Service became Disability Rights Ohio, a new not for profit corporation designated to replace Ohio Legal Rights Service as the protection and advocacy system for people with disabilities in Ohio, billing rates increased to adjust for inflation and the ever-increasing complexity of litigation in which attorneys at Disability Rights Ohio engage. *Id.* at ¶ 15.

Experienced practitioners before this Court and other courts in Ohio support the billing rates set by Disability Rights Ohio as reasonable rates based on the expertise, litigation experience, and type of work engaged in by the attorneys seeking fees in the instant matter. "The rates sought by the counsel in this case are typical of those billed by attorneys of similar background and experience for this type of litigation in the relevant market, which in this case is the State of Ohio." Exhibit 5, ¶ 31, Declaration of Franklin J. Hickman. "[I]t is my opinion that the hourly professional rates specified in the declarations of the attorneys and staff are well within the fair and reasonable market value for the services rendered in this type of litigation in the central Ohio area." Exhibit 6, ¶ 8, Declaration of John S. Marshall.

Additionally, special education law is a highly specialized practice area and there are few lawyers available to represent parents in these matters. Consequently, Ms. Williams

---

[2] On October 1, 2012, Ohio Legal Rights Service became Ohio Disability Law and Policy Center, Inc., a not for profit corporation doing business as Disability Rights Ohio, and with a mission to advocate for the human, civil, and legal rights of people with disabilities in Ohio. Disability Rights Ohio replaced Ohio Legal Rights Service as Ohio's Protection and Advocacy (P&A) system and Client Assistance Program (CAP).

appropriately sought representation from Disability Rights Ohio, an agency that specializes in litigation related to the rights of people with disabilities, including special education claims.  The trial attorney in this case, Laura Osseck, has approximately five years of litigation experience and her practice is devoted to disability-related issues, including special education.  Co-counsel in this case, Kristin Hildebrant, has over twenty-three years of litigation experience, including supervising the special education and children-focused practice at Disability Rights Ohio.  Disability Rights Ohio's Legal Director, Kerstin Sjoberg-Witt has extensive litigation experience, with a focus on civil rights and disability issues, both as Legal Director and previously during her time in private practice.

Moreover, the number and complexity of the issues in this case support the conclusion that Ms. Williams' rates are reasonable.  There is little case law governing the standard and circumstances when school districts seek attorneys' fees from a parent under IDEA; the case law that is available is case-specific.  Therefore, Ms. Williams' counsel had to spend considerable time researching the issues to put on a proper defense that would eliminate all claims against her.  Also, many other issues arose during the course of litigation due to actions and pleadings filed by Oakstone that complicated the existing claims.  For example, this case involved the interplay between IDEA, The Family Educational Rights and Privacy Act (FERPA), and the First Amendment that required Ms. Williams' counsel to research and brief a student's right to maintain the confidentiality of her educational records versus the school district's assertion that it was entitled to publicize these documents via the First Amendment.  These issues required Ms. Williams' counsel's time and attention to properly address the disputes and make certain that confidential records remained so.

Finally, Disability Rights Ohio properly assigned attorneys with the expertise and

experience necessary to navigate a complex fees case such as this, and appropriately delegated tasks to ensure efficient representation.  Trial attorney Laura Osseck conducted the bulk of the work in this matter, at a billing rate of $220.  Co-counsel Kristin Hildebrant offered her expertise on an ongoing basis in the area of special education law as well as her years of litigation experience, at a billing rate of $310.  Legal Director Kerstin Sjoberg-Witt also provided guidance on strategy and input on significant pleadings, at a billing rate of $250.  Work by the attorneys was capably supported by paralegals Laura Bordeau and Christine Retherford, who bill at a rate of $95 per hour, a rate previously determined appropriate by this Court in *Doe.*  Ex. 3, pg. 9. Their involvement contributed to effective presentation and organization of the claims without unnecessarily utilizing experienced attorneys to perform support tasks.  Together, these attorneys and paralegals offered a fully competent and experienced team that ensured a favorable outcome for Ms. Williams.  The accompanying declarations by all Disability Rights Ohio staff for whom fees are sought provide support for Ms. Williams' counsels' experience and expertise.  See attached exhibits: Ex. 4, Declaration of Kerstin Sjoberg-Witt; Ex. 7, Declaration of Laura Osseck; Ex. 8, Declaration of Kristin Hildebrant; Ex. 9, Declaration of Christine Retherford; and Ex. 10, Declaration of Laura Bordeau.

For these reasons, Ms. Williams' rates are reasonable.

### 2. The Time Ms. Williams' Attorneys Spent Defending These Claims Is Reasonable.

In determining the reasonableness of fees, the U.S. Supreme Court has explained that where a plaintiff has obtained excellent results, the attorneys should recover a fully compensatory fee.  *Hensley*, 461 U.S. at 435.  This will normally encompass all hours reasonably expended on the litigation.  *Id.*  Ms. Williams successfully defended against Oakstone's claim for attorneys' fees under IDEA's fee-shifting provisions.  This conferred a significant benefit on her

9

because Oakstone sought a substantial fee award that would have devastated Ms. Williams financially.

The case dismissal was the result of hundreds of hours of research, drafting, correspondence and meetings over a nine month period. Given the complexity and number of issues raised in this case, Ms. Williams' counsel briefed several motions, responses, and replies that were necessary to adequately address the issues and advance Ms. Williams' defense. Therefore, the time spent on these matters was appropriately included in Ms. Williams' fee petition. *See*, *Hensley*, 461 U.S. at 440 (holding that hours spent on unsuccessful claims that are "distinct in all respects from . . . successful claims . . . should be excluded"); *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005) ("[S]uccessful and unsuccessful claims are deemed related when they involve a common core of facts are based on related legal theories or when counsel's time is devoted generally to the litigation as a whole, making it difficult to divide the hours expended") (internal citations omitted).

For example, Ms. Williams was forced to file two Motions to Seal the Record and subsequent replies because Oakstone published several confidential educational records on the Court's CM/ECF system with its Response In Opposition to Defendants' Motion to Dismiss. ECF Nos. 14, 16, 19, 21, 22, 23, 29, 31. These motions were necessary to protect the confidential and sensitive information Oakstone attempted to make public. The Court granted the motions and sealed the record. ECF No. 32. Additionally, in its Response to Defendants' Motion to Dismiss, Oakstone requested that the Court consider and take judicial notice of the records it published on the CM/ECF system. ECF No. 14. Defendants filed a Motion to Strike the Records to address the arguments Oakstone raised about judicial notice and the Court's consideration of the records in deciding Defendants' Motion to Dismiss. ECF No. 25. The

Court ultimately considered those records.  ECF No. 55.  Defendants also filed a Motion for Sanctions to address the frivolous Amended Complaint and arguments Oakstone and its counsel put before the Court.  ECF No. 40.  The Court has not ruled on this motion.  The bases for filing the Motion for Sanctions were the same as Defendants' bases for filing the Motion to Dismiss as Defendants argued that Oakstone had no support for the allegations it made in the Amended Complaint and its allegations would never rise to a plausible claim for relief under IDEA's fee-shifting provision.  Though Defendants advised Oakstone's counsel of the Amended Complaint's deficiencies on several occasions, Oakstone elected to move forward.  In fact, Oakstone filed a Motion for Leave to File a Second Amended Complaint to which Ms. Williams was forced to file her objection.  ECF Nos. 35, 39, 43.  The Court denied Oakstone's motion.  ECF No. 47.

Each set of briefings were either tied to Defendants' Motion to Dismiss or involved related legal theories such that Ms. Williams should be awarded attorneys' fees for time spent on these issues.  Ms. Williams utilized an appropriate team of lawyers and paralegals to carry out these tasks and assigned tasks among staff to avoid incurring unnecessary fees.  The attached affidavits and contemporaneous fee records show the staff involved and the types of tasks that were carried out.  Exs.1, 4, 7, 8, 9, 10.

Ms. Williams has adequately satisfied her burden of submitting with this petition detailed time entries reflecting the work done by all attorneys and supporting staff in disposing of the Oakstone's claims.  *See Paschal*, 297 F.3d at 434 (approving of billing entries that included detailed description of how the billed hours were spent); *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1402 (6th Cir. 1995) (approving documentation as adequate where prevailing party submitted time entries that "included a date, description of the activity involved, the amount of time expended on such

11

activity, and the total amount owed for that activity"). These contemporaneously created time entries include all the time expended on this matter after review for accuracy and consistency among timekeepers. Ms. Williams' billing records identify the work done with sufficient detail to ensure that Ms. Williams' lodestar has been reasonably calculated.

### 3. Ms. Williams' Exercise of Billing Judgment Is Reasonable.

The gross fees incurred for this case total $118,262.00. However, in calculating the lodestar, Ms. Williams has exercised billing judgment to exclude time that might be considered excessive, duplicative, or otherwise unnecessary. Ms. Williams now seeks reimbursement of $107,318.00 in fees.

| *Oakstone v. Williams, et al.* | | | | Discounted Fees Total | |
|---|---|---|---|---|---|
| **Disability Rights Ohio Employee** | **Rate** | **Hours** | **Total Value** | **Hours Billed** | **Amount Billed** |
| Attorney Jason Boylan | $ 220 | 0.3 | $66.00 | 0 | $0.00 |
| Attorney Kristin Hildebrant | $ 310 | 74.6 | $23,126.00 | 67.3 | $20,863.00 |
| Attorney Michael Kirkman | $ 325 | 1.9 | $617.50 | 0 | $0.00 |
| Attorney Laura Osseck | $ 220 | 299.3 | $65,846.00 | 288 | $63,360.00 |
| Attorney Kerstin Sjoberg-Witt | $ 250 | 39 | $9,750.00 | 36.9 | $9,225.00 |
| Attorney Susan G. Tobin | $ 325 | 1.4 | $455.00 | 0 | $0.00 |
| Paralegal Laura Bordeau | $ 95 | 15.1 | $1,434.50 | 0.4 | $38.00 |
| Paralegal Christine Retherford | $ 95 | 178.6 | $16,967.00 | 145.6 | $13,832.00 |
| | **Total Legal Fees** | | **$118,262.00** | | **$107,318.00** |

Hours calculated through Sept. 13, 2012.

After Ms. Williams' counsels' review of the time entries for this matter, Ms. Williams exercised billing judgment to exclude: (1) three timekeepers who billed minimal time to this matter and potentially represent duplicative time; (2) all time related to ancillary matters, including time related to the FERPA complaint Ms. Williams filed against Oakstone; and (3) any timekeeping that may be considered vague, clerical, or duplicative. As a result, Ms. Williams

12

has eliminated a total of $10,944.00 in fees from this fee request in the exercise of billing judgment. This adjustment represents a fair and reasonable reduction of hours in light of the multiple resources necessary to conclude this case.

### III. CONCLUSION

For the reasons stated above, Ms. Williams is entitled to attorneys' fees and costs in the amount of $107,318.00, and a reasonable amount for fees incurred in this Motion. If the Court grants this Motion, Ms. Williams will supplement with contemporaneous fee records for time spent on this Motion.

Respectfully submitted,

s/Laura Osseck
Laura Osseck (0082231), Trial Attorney
losseck@disabilityrightsohio.org
Kristin Hildebrant (0042086)
khildebrant@disabilityrightsohio.org
**DISABILITY RIGHTS OHIO**
50 W. Broad St., Suite 1400
Columbus, OH 43215-5923
Phone:  (614) 466-7264
Fax:     (614) 644-1888
Counsel for Defendant Williams

## INDEX OF EXHIBITS

1. Itemized fee statement through Sept. 13, 2012

2. Mag. Judge Vecchiarelli's Report and Recommendation, Case No. 1:07-CV-920, ECF No. 92 (N.D. Ohio July 21, 2008).

3. Order setting fees, *Doe v. Ohio*, Case No. 2:91-cv-464, ECF No. 193 (S.D. Ohio July 19, 2010).

4. Declaration of Kerstin Sjoberg-Witt.

5. Declaration of Franklin J. Hickman.

6. Declaration of John S. Marshall.

7. Declaration of Laura Osseck.

8. Declaration of Kristin Hildebrant.

9. Declaration of Christine Retherford.

10. Declaration of Laura Bordeau.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2012, the aforementioned *Defendant Williams' Motion for Attorneys' Fees* was filed electronically. Notice of this filing was sent to counsel for the Plaintiff and counsel for Defendant Zraik via operation of the Court's electronic filing system.

Respectfully submitted,

s/ Laura Osseck
Laura Osseck (0082231)
losseck@disabilityrightsohio.org
Trial Attorney for Defendant Williams