NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0445n.06

Case No. 14-3742

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| OAKSTONE COMMUNITY SCHOOL,<br><br>Plaintiff,<br><br>and<br><br>ADELE S. SHANK,<br><br>Appellant.<br><br>v.<br><br>CASSANDRA WILLIAMS and<br>THOMAS ZRAIK,<br><br>Defendants-Appellees. | FILED<br>Jun 12, 2015<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |

Before: MERRITT and WHITE, Circuit Judges; HOOD, District Judge.[*]

**MERRITT, Circuit Judge.** What began as a case about a child's education has needlessly devolved into a dispute about attorney's fees and unjustified sanctions. After prevailing in an administrative claim filed by the Defendant parent and her lawyer under the Individuals with Disabilities Education Act ("Education Act"), Oakstone Community School

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Case No. 14-3742, *Oakstone Cmty. Sch. v. Williams et al.*

filed this separate action for attorney's fees under the Education Act's fee-shifting provision. *See* 20 U.S.C. § 1415(i)(3)(B)(i). This section allows a prevailing school district to recover reasonable attorney's fees "against the attorney of a parent who files [an administrative] complaint . . . that is frivolous, unreasonable, or without foundation." *Id.* Additionally, a prevailing school district can recover from a parent—or her attorney—if the administrative action was brought "for an improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." *Id.* Because Oakstone sought legal fees on both grounds, the complaint included both the parent (Williams) and her attorney (Zraik).

An acrimonious course of litigation ensued in which Defendants repeatedly threatened to pursue sanctions against Oakstone's counsel, Appellant S. Adele Shank, for nearly everything she did. Defendants were ultimately successful, and the district court imposed $7,500 in personal sanctions against Shank on three separate grounds: (1) Under Rule 11 for citing an "anachronistic" and "clearly erroneous" legal standard; (2) Under Rule 11 for "repeatedly" asserting a legally "frivolous" First Amendment argument; and (3) Under 28 U.S.C. § 1927 for "repeatedly" filing unsealed and unredacted documents as exhibits to a pleading. We **REVERSE.**

## I.   Factual & Procedural History

In December 2010, Defendant Cassandra Williams (represented by Defendant Thomas R. Zraik) filed an administrative complaint with the Ohio Department of Education alleging that Oakstone had denied her daughter a "free appropriate public education." Following several days of public hearings, an Impartial Hearing Officer denied the complaint after finding that the child had in fact made both academic and behavioral progress while enrolled at Oakstone. As the prevailing party, Oakstone (represented by Shank) subsequently filed this case in district court to

Case No. 14-3742, *Oakstone Cmty. Sch. v. Williams et al.*

recover attorney's fees under the Education Act's fee-shifting provision. After Shank filed the complaint, Defendants' counsel immediately threatened her with Rule 11 sanctions because they believed this case was "frivolous." When Shank amended the complaint, Defendants moved to dismiss and sent her a second letter—again threatening to pursue Rule 11 sanctions unless she "dismiss[ed] the Amended Complaint immediately."

During this period, the parties had been negotiating a protective order regarding some aspects of the confidentiality of the minor child's educational records (which had been admitted during the underlying administrative hearing and were a part of that record). Before reaching any agreement on the scope of this protective order, Shank filed Oakstone's Response to Defendants' Motion to Dismiss. Shank attached several exhibits, including the child's educational records ("Exhibit J-1(a)"). Due to technical problems with the court's electronic filing system, nothing was filed that day. The next day, only Exhibit J-1(a) was filed. Shortly thereafter, Shank realized that the electronic redactions were missing and contacted the clerk to remove Exhibit J-1(a) from the docket.

Defendants also noticed this redaction error and immediately sent Shank an email demanding she correct the problem. The sender of this e-mail was not associated with the case but was the legal director of the nonprofit educational agency representing Defendant Williams. This e-mail—sent at 3:59 p.m. that Friday with the subject line "Urgent Notice re confidential records"—accused Shank of violating the Family Educational Rights and Privacy Act ("The Privacy Act") as well as the Rules of Civil Procedure by "fil[ing] confidential educational records." Shank was again threatened with sanctions if she failed to remedy this problem or continued to file such records.

Case No. 14-3742, *Oakstone Cmty. Sch. v. Williams et al.*

Defendants moved to seal the administrative record at 6:10 p.m. that same day (Friday, March 9).  Because Shank allegedly never received the e-mail or notice of Defendants' late-filed Motion to Seal, she filed seventeen properly redacted exhibits on Saturday, March 10. Defendants then filed a Supplemental Motion to Seal—encompassing these exhibits as well as the record of the administrative decision, which they had "inadvertently omitted" from their first motion.  In responding to this second motion, Shank argued that the court's sealing of the administrative record could "place unconstitutional prior restraints" on its use in violation of the First Amendment.

Defendants finally made good on their threats and moved for sanctions after the court sealed the record but before it dismissed Oakstone's amended complaint.  Their Motion for Sanctions asserted that Shank committed sanctionable conduct on several grounds, including: (1) filing unredacted portions of the administrative record on the district court's online public docket as exhibits; and (2) "frivolously" asserting First Amendment rights in Oakstone's Response to their Supplemental Motion to Seal.

The district court later granted Defendants' Motion to Dismiss after finding that the original administrative hearing was not brought for an improper purpose.  Notably, the district court recognized that it could consider public records deciding the motion—and found that the administrative record was a "record published by the Ohio Department of Education and the proceedings were made open to the public at the request of the [parent], Williams."  After the case was dismissed, Shank moved to supplement her initial response to Defendants' Motion for Sanctions (which was then still pending).  Believing that the district court had misapprehended the evidence and failed to apply governing precedent, Shank cited to the Supreme Court's decision in *Board of Education v. Rowley*, 458 U.S. 176, 200 (1982), for the proposition that the

Case No. 14-3742, *Oakstone Cmty. Sch. v. Williams et al.*

legal standard for a free appropriate public education is "the requirement that the education to which access is provided be sufficient to confer *some educational benefit* upon the handicapped child." *Id.* (emphasis added). Shank's memorandum also regularly cited the Sixth Circuit case of *Deal v. Hamilton County Board of Education*, 392 F.3d 840 (6th Cir. 2004)—but did not cite that case for the applicable "free appropriate public education" standard.

The district court ultimately imposed sanctions against Shank on three separate grounds. First was a *sua sponte* finding under Rule 11(c)(1) that Shank committed misconduct by citing the Supreme Court decision in *Rowley*, rather than *Deal*—a Sixth Circuit decision authored by the trial judge sitting by designation—for the applicable "free appropriate public education" standard. Second was a finding under Rule 11 concerning Shank's "repeated" arguments that a court order sealing the administrative record would constitute a prior restraint and infringe First Amendment rights. The court found these arguments "frivolous." Third was the imposition of attorney's fees under 28 U.S.C. § 1927 for Shank's "repeated" filings of portions of the administrative record as exhibits. After supplemental briefing, the district court awarded Defendants a lump sum of $7,500 in attorney's fees. This appeal followed.

## II. Discussion

### A. Rule 11 Sanctions

Rule 11 provides that, when a motion is filed, a party or counsel represents to the court that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

- 5 -

Case No. 14-3742, *Oakstone Cmty. Sch. v. Williams et al.*

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(1)-(3). The focus here is narrow and concerned only with whether "the attorney believes on the basis of reasonable inquiry that there is a reasonable basis in law and fact for the position taken and that the paper is not filed for an improper purpose." *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). The standard for determining whether to impose sanctions is one of objective reasonableness. *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 510 (6th Cir. 2014). We review these sanctions for an abuse of discretion. *Id.*

As an initial matter, we note that the district court failed to issue a show-cause order regarding Shank's citation of an "anachronistic" and "clearly erroneous" legal standard—a claim for which Defendants had not moved for sanctions. Under Rule 11(c), however, issuing a show-cause order is a mandatory prerequisite to imposing monetary sanctions *sua sponte*. *See* Fed. R. Civ. P. 11(c)(5)(B) ("The court must not impose a monetary sanction . . . on its own, unless it issued the show-cause order under Rule 11(c)(3)."). We therefore hold that the district court erred by imposing sanctions for this claim.

The district court also found that Shank's "repeated" assertion of First Amendment rights was frivolous and, thus, sanctionable conduct under Rule 11(b)(2) because: (1) Defendants, as private actors, cannot infringe free speech rights; and (2) Oakstone, as a public charter school, has no First Amendment rights. We note, however, that Shank never asserted that Defendants could violate the First Amendment; rather, she argued that sealing the administrative record would be an unconstitutional prior restraint *by the court*. Additionally, the Supreme Court has not clearly settled the question of whether a state actor may have some First Amendment rights

- 6 -

Case: 2:11-cv-01109-ALM-MRA Doc #: 80 Filed: 06/12/15 Page: 7 of 12 PAGEID #: 2361 (7 of 12)

Case No. 14-3742, *Oakstone Cmty. Sch. v. Williams et al.*

protected from federal action. *See United States v. American Library Ass'n, Inc.*, 539 U.S. 194, 210-11 (2003) (recognizing that the issue of whether state government entities have First Amendment rights is unsettled); s*ee also* David Fagundes, *State Actors as First Amendment Speakers*, 100 Nw. U. L. Rev. 1637 (2006) (exploring whether state and local governments have free speech rights). Thus, even if Shank had argued that Oakstone possessed First Amendment rights, her doing so was not legally frivolous under Rule 11(b)(2). Finally, by sanctioning Shank for "repeatedly" making this argument, it appears that the district court punished her for opposing Defendants' Motion for Sanctions. We find none of Shank's actions to be objectively unreasonable, and hold that the district court also abused its discretion here.

### B.  28 U.S.C. § 1927 Sanctions

Shank further contends that the district court abused its discretion by finding that her "repeated unsealed filing" of confidential educational records was "objectively unreasonable" and therefore sanctionable conduct under 28 U.S.C. § 1927. Sanctions under this section[1] are warranted when an attorney objectively "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009) (citation omitted). Their purpose is to deter dilatory litigation practices. *See Jones v. Continental Corp.*, 789 F.2d 1225, 1230-31 (6th Cir. 1986). While imposing § 1927 sanctions does not require a showing of subjective bad faith, something more than negligence or incompetence must be demonstrated. *See In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987); *Jones*, 789 F.2d at 1230 ("[W]e hold that 28 U.S.C. § 1927 authorizes a court to assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety."). Thus,

---

[1] *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

Case No. 14-3742, *Oakstone Cmty. Sch. v. Williams et al.*

an attorney's conduct becomes sanctionable when she intentionally abuses the judicial process or knowingly disregards the risk that her actions will needlessly multiply proceedings. *See United States v. Wallace*, 964 F.2d 1214, 1220 (D.C. Cir. 1992) (observing that recklessness is a lower standard than bad faith, requiring "deliberate action in the face of a known risk, the likelihood or impact of which the actor inexcusably underestimates or ignores"). We review § 1927 sanctions, like those under Rule 11, for an abuse of discretion. *Rentz*, 556 F.3d at 395.

The parties have continued to dispute the public nature of the administrative record. Although Defendants elected to hold the underlying administrative hearings in public, they argue that the Privacy Act prohibits educational institutions from disclosing these records. *See* 20 U.S.C. § 1232g(b). Thus, they argue that the public nature of the administrative proceeding is of no consequence. Shank responds that she filed portions of the administrative record believing it to be a public document, and that once a record becomes public it remains that way. *See Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983) ("We decline to carve out an exception to the [public's] right of access in order to protect the secrecy of an administrative record."). Although the parties continue to debate whether the Privacy Act applies, the magistrate invoked that law when he ordered the sealing of the administrative record. This order to seal, however, came *after* Shank had already filed the exhibits at issue. Thus, Defendants (and the district court) fault Shank for violating the Privacy Act—even though at the time of the filings it was not certain whether that law applied to this case. This hindsight-based logic should not serve as grounds for sanctions.

The record further reveals that the district court misapprehended the facts by faulting Shank for "repeated" filings of unredacted confidential documents. As noted above, only Exhibit J-1(a) was ever filed in unredacted form (due to technical problems with the court's

- 8 -

Case No. 14-3742, *Oakstone Cmty. Sch. v. Williams et al.*

electronic filing system); all other exhibits were properly redacted. A single filing of multiple exhibits does not amount to "repeated" filings. Although there were complications surrounding the filings of the administrative record, Shank's actions neither multiplied the proceedings nor can be described as "unreasonable and vexatious." We therefore hold that the district court abused its discretion in imposing sanctions under § 1927.

### III.     Conclusion

For the foregoing reasons, we believe the district court abused its discretion by imposing sanctions against Oakstone's counsel. We therefore **REVERSE** the district court's order.

Case No. 14-3742, *Oakstone Cmty. Sch. v. Williams et al.*

**HELENE N. WHITE, Circuit Judge, concurring in part and dissenting in part.**

I agree with the majority that the Rule 11 sanctions must be reversed. However, I do not agree that the district court abused its discretion in sanctioning Shank pursuant to 28 U.S.C. § 1927 for filing unsealed and unredacted documents as exhibits to her pleadings. I would affirm the district court's imposition of these sanctions but remand for a redetermination of the amount.

At the time Shank filed the exhibits, the parties were actively negotiating a protective order regarding the minor child's educational records, yet Shank proceeded anyway. Taking as true Shank's account that the first unredacted exhibits were filed as a result of an error with the electronic filing system, Shank still filed additional exhibits redacted in accordance with Federal Rule of Civil Procedure 5.2, not the more stringent Privacy Act standard. It was not unreasonable for the district court to find that, as an experienced education-law attorney, Shank was on notice that the Privacy Act, not the more lenient Federal Rules of Civil Procedure standard, likely applied to the minor child's records, notwithstanding that the parent of the minor child made some of the proceedings public. This is especially true in light of the ongoing negotiations between the parties regarding the confidentiality of the records.[1] Two additional rounds of briefing occurred as a result of Shank's actions, although it is not clear if similar briefing would have been necessary in any event. Under the circumstances, I cannot conclude the district court abused its discretion in sanctioning Shank under § 1927. Thus, I would affirm as to the § 1927 sanctions and remand for recalculation of sanctions related to this issue alone.

---

[1] Moreover, Shank persisted in filing the exhibits even after she was twice warned.

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: June 12, 2015

Mr. Erik Jameson Clark
Organ Cole
1335 Dublin Road
Suite 104D
Columbus, OH 43215

Ms. Aimee E. Gilman
Law Office
5035 Mayfield Road
Suite 230
Lyndhurst, OH 44124

Ms. Kristin E. Hildebrant
Disability Rights Ohio
50 W. Broad Street
Suite 1400
Columbus, OH 43215

Ms. Laura A. Osseck
Disability Rights Ohio
50 W. Broad Street
Suite 1400
Columbus, OH 43215

Ms. S. Adele Shank
Law Office of S. Adele Shank
3380 Tremont Road
2nd Floor
Columbus, OH 43221-0000

Re: Case No. 14-3742, *Oakstone Community School v. Cassandra Williams, et al*
Originating Case No. : 2:11-cv-01109

Dear Counsel,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Michelle M. Davis
Case Manager
Direct Dial No. 513-564-7025

cc:  Mr. Richard W. Nagel

Enclosure

Mandate to issue